UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 00-6016

CIV-UNGARO-BENAGES

SAINTIL SAINTILUS

Plaintiff,

v.

NAMASCO CORPORATION
and NAMASCO CORPORATION
d/b/a NAMASCO STEEL
COMPANY

Defendant.
_____/

NIGHT BOX
FILED

JAN 5 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## NOTICE OF REMOVAL

Defendant, Namasco Corporation and Namasco Corporation d/b/a Namasco Steel Company ("Namasco"), files its Notice of Removal of an action pending in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, to the United States District Court, Southern District of Florida, Ft. Lauderdale Division, being the district and division in which the action is pending, and states as follows:

1. Plaintiff commenced this action against Namasco in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, in a case styled <u>Saintil Saintilus v. Namasco Corporation and Namasco Corporation d/b/a Namasco Steel Company</u>, Case No. 99020917-CACE-08.

2. All process, pleadings, and orders, as well as all pending motions which have been filed in this case, are attached to this Notice of Removal.

3. This action was commenced when Plaintiff filed his Complaint on or about December 10, 1999. A summons and the Complaint were served on Namasco on

December 15, 1999. Accordingly, pursuant to 28 U.S.C. § 1446(b), Namasco has timely filed this Notice of Removal in that it is being filed within thirty (30) days from service.

4. This Court has original jurisdiction of the action under the provisions of 28 U.S.C. § 1441, in that it is a civil action of which the district courts have original jurisdiction founded on a claim or right arising under the laws of the United States.

5. Plaintiff's Complaint alleges that he was discriminated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. Because the Complaint claims Title VII, removal is proper pursuant to 28 U.S.C. § 1441 and 29 U.S.C. § 633a(c).

6. Namasco respectfully requests that the United States District Court for the Southern District of Florida accept this Notice of Removal and that it assume jurisdiction of this cause and issue such further orders and process as may be necessary to bring before it all parties necessary for the trial hereof.

WHEREFORE, Defendant, Namasco Corporation and Namasco Corporation d/b/a Namasco Steel Company, prays that the above action be removed from the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida.

Respectfully submitted,

SHUTTS & BOWEN
Attorneys for Defendant
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (Facsimile)

By: _____
John T. Kolinski
Florida Bar No. 307971
Jennifer J. Ator
Florida Bar No. 0120911

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 4th day of January, 2000 to John D. Ameen, Esq., Ameen & Drucker, P.A., 3111 University Drive, Suite 608, Coral Springs, Florida 33065.

_____
OF COUNSEL

MIADOCS 309202.1 MIV

**CACE**

IN THE CIRCUIT COURT FOR THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLOIRDA

SAINTIL SAINTILUS

Plaintiff                                            Case No.

v.
NAMASCO CORPORATION                        99020917                    **08**
and NAMASCO CORPORATION
d/b/a NAMASCO STEEL
COMPANY

Defendant.
_____/

**SUMMONS**

STATE OF FLORIDA
To each Sheriff of Said State

**YOU ARE HEREBY COMMANDED** to serve this summons, a copy of the on Defendant, Namasco Corporation by serving its registered agent:

James Boedeher
907 S. 20th Street
Tampa, Florida 33605

Each Defendant is required to serve written defenses to the Complaint or petition John D. Ameen, Plaintiffs' attorney whose address is Ameen & Drucker, P.A., 3111 University Drive, Suite 608, Coral Springs, FL 33065, Telephone (954) 340-7277, within twenty (20) days after service of the summons on the Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of the court either before service on the plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on _____DEC 1 0 1999_____, 1999

ROBERT C. LOCKWOOD
Clerk of the Court
STUART SMITH
By:_____
As Deputy Clerk

A TRUE COPY
Circuit Court

James Boedeher
12-15-99
3:10p

Donald Rua

CACE

IN THE CIRCUIT COURT FOR THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLOIRDA

SAINTIL SAINTILUS

Plaintiff

Case No.

99020917

v.

NAMASCO CORPORATION
and NAMASCO CORPORATION
d/b/a NAMASCO STEEL
COMPANY

Defendant.

_____

A TRUE COPY
ROBERT E. LOCKWOOD

08

## COMPLAINT

DEC 10 1999

THE Plaintiff, SAINTIL SAINTILUS, by and through his undersigned attorneys, hereby sues the Defendant, NAMASCO CORPORATION and NAMASCO CORPORATION d/b/a NAMASCO STEEL COMPANY (hereinafter NAMASCO) and alleges as follows:

1. This is an action for damages brought pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (hereinafter referred to as Title VII), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071 (1991), and the Florida Civil Rights Act of 1992, at Fla. Stat. §§760.01 through 760.11.

2. This is an action for damages in excess of $15,000, exclusive of interest, cost, and attorneys' fees.

3. At all times material hereto the Plaintiff, SAINTIL SAINTILUS , was and is a resident of Broward County, Florida.

4. Plaintiff, SAINTIL SAINTILUS, is a citizen of the United States of America.

5. Plaintiff was employed with Defendant, NAMASCO, at its business location on 1621 NW 12th Avenue, Pompano Beach, FL. Defendant, NAMASCO, is a foreign corporation and at all times material hereto has carried on a business in Florida, has an office or agency in Florida, and has engaged in substantial and not isolated activity within Florida.

6. At all times material hereto, Plaintiff, SAINTIL SAINTILUS, was an employee of Defendant, NAMASCO

7. At all times material hereto, Defendant, NAMASCO, was and continues to be an employer within the meaning of Title VII.

8. On December 1, 1998, the Plaintiff, SAINTIL SAINTILUS, filed a charge of discrimination with the Equal Opportunity Employment Commission (EEOC), attached hereto as exhibit "A".

9. On September 20, 1999 Plaintiff, SAINTIL SAINTILUS, was issued a Notice of Right to Sue, attached hereto as exhibit "B".

10. Plaintiff also timely filed his charge of discrimination with the Florida Commission on Human Relations.

11. Immediately prior to his discharge Plaintiff held the position of supervisor.

12. At all times material hereto, Plaintiff, SAINTIL SAINTILUS, possessed the skills, experience, attributes and training required for the position of supervisor at Defendant.

13. On or about 7/13/98, Plaintiff was discharged by Defendant, NAMASCO. Defendant has alleged that Plaintiff was discharged for fighting. However, Defendant was made

aware by the Pompano Beach Police Department that Plaintiff had not engaged in fighting.

14. Prior to the alleged date of discharge, management at Defendant had made disparaging remarks about Plaintiff's national origin.

15. Additionally, management at Defendant told Plaintiff that he was making too much money for a Haitian.

16. Defendant, NAMASCO, has discriminated against Plaintiff, SAINTIL SAINTILUS, in his employment because of his national origin.

17. Defendant, NAMASCO, terminated Plaintiff's employment because of his national origin .

18. Defendant, NAMASCO'S, actions set forth in this Complaint were intentional and malicious or done with reckless indifference to Plaintiff's protected rights under federal and state law.

19. The Plaintiff, SAINTIL SAINTILUS, has been required to retain the legal services of the law firm AMEEN & DRUCKER, P.A., and has agreed to pay them a reasonable attorney's fee for those services.

## COUNT I

## TITLE VII – RACIAL DISCRIMINATION

Plaintiff, SAINTIL SAINTILUS, realleges and reavers Paragraphs one through nineteen as if fully set forth herein and would further allege as follows:

20. Defendant, NAMASCO, discriminated against and terminated Plaintiff, SAINTIL SAINTILUS, because of his national origin.

21. The unlawful discriminatory pattern, practice, usage and custom by Defendant, its agents, and its employees, as set forth herein, violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071 (1991).

22. As a direct and proximate result of Defendant, NAMASCO'S, unlawful and discriminatory employment practices and policies, Plaintiff, SAINTIL SAINTILUS, has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited:

    a. Loss of past and future income.
    b. Loss of other fringe benefits.
    c. Stress; anxiety and emotional distress.
    d. Other financial losses.

23. Plaintiff, SAINTIL SAINTILUS, is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to the litigation pursuant to 706(k) of Title VII, 42 U.S.C. § 2000e-5(k), as amended by Section 11 of the Civil Rights Act of 1991.

    **WHEREFORE,** Plaintiff, SAINTIL SAINTILUS, demands judgment for damages against the Defendant, NAMASCO, together with interest and costs and demands trial by jury of all issues triable as of right by jury and requests that judgment be entered in his favor against, Defendant, NAMASCO:

    A. Declaring, pursuant to 28 U.S.C. § 2201 that the acts and practices complained of herein are in violation of Title VII;

    B. Permanently enjoining Defendant, NAMASCO, from continuing and/or maintaining the policy, practice, and custom of denying, abridging, withholding

or conditioning the federally protected rights of employees on the basis of national origin and color;

C. Awarding Plaintiff, SAINTIL SAINTILUS, back pay, pre-judgment interest, post-judgment interest, and damages for all employment and retirement benefits he would have received but for Defendant, NAMASCO'S, acts and practices;

D. Awarding Plaintiff, SAINTIL SAINTILUS, front pay in lieu of reinstatement;

E. Awarding Plaintiff, SAINTIL SAINTILUS, all compensatory and punitive damages provided for in 42 U.S.C. § 1981a.

F. Awarding reasonable attorney's fees, expert fees, and costs in this action pursuant to Section 706 (d) of Title VII, 42 U.S.C. 2000(e)-5(k), as amended by Section 113 of the Civil Rights Act of 1991;

G. Awarding Plaintiff, SAINTIL SAINTILUS, all other sums of money, medical benefits and other employment benefits with interest thereon, to which Plaintiff is entitled; and

H. Ordering any other relief as this court deems just and proper.

## COUNT II VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 DISCRIMINATION

Plaintiff, SAINTIL SAINTILUS, realleges and reavers Paragraphs one through nineteen as if fully set forth herein and would further allege as follows:

24. This is an action for affirmative relief, equitable relief, damages and all other remedies for unlawful discrimination under the Florida Civil Rights Act of 1992, at Fla. Stat. §§760.01 through 760.11.

5

25. Plaintiff, SAINTIL SAINTILUS, is an aggrieved person within the meaning of Fla. Stat. 760.02.

26. Defendant, NAMASCO, has employed and does employ 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, is an employer as defined by Fla. Stat. 760.02, and is capable of being sued under Fla. Stat. 760.11.

27. Defendant, NAMASCO, intentionally discriminated against Plaintiff, SAINTIL SAINTILUS, by discharging him.

28. Defendant intentionally discriminated against Defendant because of his national origin and race.

29. Defendant's acts were intentional and violate the Florida Civil Rights Act of 1992.

30. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer lost employment, income, benefits, and has suffered and continues to suffer distress, humiliation, embarrassment, and damage to his reputation.

31. Plaintiff has exhausted his administrative remedies required by Fla. Stat. 760.11 and has otherwise fulfilled all other prerequisites to bringing this action.

32. Fla. Stat. 760.11 authorizes the Court to issue an order prohibiting the discriminatory practices, equitable relief and the award of compensatory and punitive damages and attorneys' fees.

WHEREFORE, Plaintiff, SAINTIL SAINTILUS, demands trial by jury and requests this Court to:

A. Declare that Defendants have unlawfully discriminated against Plaintiff in violation of the Florida Civil Rights Act of 1992; and

B. Issue and order prohibiting further discrimination; and

C. Order equitable relief including but not limited to an Order reinstating Plaintiff with all promotions and seniority rights to which he is entitled, backpay and all other equitable relief provided in Fla. Stat. 760.11; and

D. Award Plaintiff all compensatory and punitive damages provided for in Fla. Stat. 760.11; and

E. Award Plaintiff his costs, attorneys' fees, attorneys' fees and such other and further relief, as the Court deems proper.

Respectfully submitted this 9th day of December, 1999.

AMEEN & DRUCKER, P.A.
Attorneys for Plaintiff
3111 University Drive, Ste. 608
Coral Springs, FL 33065
(954) 340-7277
Fax (954) 340-8733

By: _____
John D. Ameen
FL Bar. No. 0008036

7

U. S. Equal Employment Opportunity Commission

## DISMISSAL AND NOTICE OF RIGHTS

| To: Saintil Saintilus | From: Miami District Office |
|---|---|
| 113 NE 5th Street | Equal Employment Opportunity Commission |
| Pompano Beach, FL 33060 | One Biscayne Tower, Suite 2700 |
| | 2 South Biscayne Boulevard |
| | Miami, Florida 33131-1805 |

[ ] On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge Number | EEOC Representative | Telephone No. |
|---|---|---|
| 15A990172 | James Colon, State & Local Coordinator | (305) 536-4454 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[x] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state) _____

**— NOTICE OF SUIT RIGHTS —**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may pursue this matter further by bringing suit in federal or state court against the respondent(s) named in the charge. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice. Otherwise your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible. (If you file suit, please send a copy of your court complaint to this office.)

On behalf of the Commission

SEP 20 1999
(Date Mailed)

Federico Costales, District Director

cc:
Namasco Steel Company
c/o Mr. John T. Kulinski
1500 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131

Mr. John D. Amen
3111 University Drive #608
Coral Springs, FL 33065

EEOC Form 161 (10/96)

EXHIBIT "B"

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☒ EEOC | EM-209-12-98<br>15A990172 |

Broward County Human Rights Division          and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | | HOME TELEPHONE (Include Area Code) |
|---|---|---|
| Mr. Saintil Saintilus | | (954) 927-4649 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 113 N E 5 Street, Pompano Beach, FL 33060 | | 02/02/52 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Namasco Steel Company | 15 - 100 Employees | (954) 785-2850 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 1621 N W 12 Avenue, Pompano Beach, FL 33060 | | 011 |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN<br>☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify) | EARLIEST 01/02/98   LATEST 07/13/98<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

1. I was assaulted on the job by a co-worker, derogatory remarks were made about my national origin. I was disciplined and then discharged on 7/13/98 by the respondent because of my national origin. The co-worker who assaulted me was rehired because he is an American. I am Haitian.

2. The respondent stated I was being discharged for fighting and because I was making too much money for a Haitian.

3. I believe I was discriminated against in violation of Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act (Chapter 760) and Article II, Section 1(a)(1) of the Broward County Human Rights Act.

Sworn to and subscribed before me this 01 day of December, 1998

Produced identification: FDL #S534-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
Exp. 2/2/200_ Type of identification

☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

*Saintil Saintilus*
Date 1-12-98   Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
*Saintil Saintilus*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
01 December 1998

EILEEN K. SUCHMA
COMMISSION .493242

EEOC FORM 5 (Rev. 06/92)

EXHIBIT "A"

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Saintil Saintilus

## DEFENDANTS
Namasco Corporation and
Namasco Corporation d/b/a
Namasco Steel Company

MAGISTRATE JUDGE
BROWN

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____, NY
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John D. Ameen, Esq., 3111 University Dr., #608, Coral Springs, FL 33065

ATTORNEYS (IF KNOWN) John T. Kolinski, Esq. & Jennifer J. Ator, Esq., 2601 S. Biscayne Blv., #1500, Miami, FL 33131

NIGHT BOX
FILED

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

JAN 5 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS |  | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability |  | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | B☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General |  | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other |  | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | B☐ 550 Civil Rights |  |  | A OR B |
|  |  | B☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Title VII of the Civil Rights Act of 1964; 42 U.S.C. 2000e. et. seq.

## VII. LENGTH OF TRIAL
___ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ ___

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## IX. RELATED CASE(S) IF ANY (See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE  1/4/00
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 518228   AMOUNT 150.00   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___