IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
FLORIDA, FORT LAUDERDALE DIVISION

SAINTIL SAINTILUS

Plaintiff

v.

NAMASCO CORPORATION
and NAMASCO CORPORATION
d/b/a NAMASCO STEEL
COMPANY

Defendant.

_____/

Case No. 006016 CIV Ungaro-Benages
Magistrate Judge: Brown

## AMENDED COMPLAINT

THE Plaintiff, SAINTIL SAINTILUS, by and through his undersigned attorneys,

hereby sues the Defendant, NAMASCO CORPORATION and NAMASCO

CORPORATION d/b/a NAMASCO STEEL COMPANY (hereinafter NAMASCO) and

alleges as follows:

1.  This is an action for damages brought pursuant to the Title VII of the Civil Rights Act

    of 1964, 42 U.S.C. § 2000e et seq. (hereinafter referred to as Title VII), as amended

    by the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071 (1991), and the

    Florida Civil Rights Act of 1992, at Fla. Stat. §§760.01 through 760.11.

2.  At all times material hereto the Plaintiff, SAINTIL SAINTILUS , was and is a

    resident of Broward County, Florida.

3.  Plaintiff, SAINTIL SAINTILUS, is a citizen of the United States of America.

4.  Plaintiff was employed with Defendant, NAMASCO , at its business location on 1621

    NW 12th Avenue, Pompano Beach, FL. Defendant, NAMASCO, is a foreign

    corporation and at all times material hereto has carried on a business in Florida, has

an office or agency in Florida, and has engaged in substantial and not isolated activity within Florida.

5.  At all times material hereto, Plaintiff, SAINTIL SAINTILUS, was an employee of Defendant, NAMASCO

6.  At all times material hereto, Defendant, NAMASCO, was and continues to be an employer within the meaning of Title VII.

7.  On December 1, 1998, the Plaintiff, SAINTIL SAINTILUS, filed a charge of discrimination with the Equal Opportunity Employment Commission (EEOC), attached hereto as exhibit "A".

8.  On September 20, 1999 Plaintiff, SAINTIL SAINTILUS, was issued a Notice of Right to Sue, attached hereto as exhibit "B".

9.  Plaintiff also timely filed his charge of discrimination with the Florida Commission on Human Relations.

10. Immediately prior to his discharge Plaintiff held the position of supervisor.

11. At all times material hereto, Plaintiff, SAINTIL SAINTILUS, possessed the skills, experience, attributes and training required for the position of supervisor at Defendant.

12. On or about 7/13/98, Plaintiff was discharged by Defendant, NAMASCO. Defendant has alleged that Plaintiff was discharged for fighting. However, Defendant was made aware by the Pompano Beach Police Department that Plaintiff had not engaged in fighting.

13. Prior to the alleged date of discharge, management at Defendant had made disparaging remarks about Plaintiff's national origin.

14. Additionally, management at Defendant told Plaintiff that he was making too much money for a Haitian.

15. Defendant, NAMASCO, has discriminated against Plaintiff, SAINTIL SAINTILUS, in his employment because of his national origin.

16. Defendant, NAMASCO, terminated Plaintiff's employment because of his national origin .

17. Defendant, NAMASCO'S, actions set forth in this Complaint were intentional and malicious or done with reckless indifference to Plaintiff's protected rights under federal and state law.

18. The Plaintiff, SAINTIL SAINTILUS, has been required to retain the legal services of the law firm AMEEN & DRUCKER, P.A., and has agreed to pay them a reasonable attorney's fee for those services.

## COUNT I

## TITLE VII – NATIONAL ORIGIN DISCRIMINATION

Plaintiff, SAINTIL SAINTILUS,  realleges and reavers Paragraphs one through nineteen as if fully set forth herein and would further allege as follows:

19. Defendant, NAMASCO, discriminated against and terminated Plaintiff, SAINTIL SAINTILUS, because of his national origin.

20. The unlawful discriminatory pattern, practice, usage and custom by Defendant, its agents, and its employees, as set forth herein, violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071 (1991).

21. As a direct and proximate result of Defendant, NAMASCO'S, unlawful and

discriminatory employment practices and policies, Plaintiff, SAINTIL SAINTILUS,

has suffered damages and will continue to suffer irreparable injury and damages in

the future, including, but not limited:

a.  Loss of past and future income.

b.  Loss of other fringe benefits.

c.  Stress; anxiety and emotional distress.

d.  Other financial losses.

22. Plaintiff, SAINTIL SAINTILUS, is entitled to an award of reasonable attorney's fees,

expert fees, costs and expenses related to the litigation pursuant to 706(k) of Title VII,

42 U.S.C. § 2000c-5(k), as amended by Section 11 of the Civil Rights Act of 1991.

   **WHEREFORE,** Plaintiff, SAINTIL SAINTILUS, demands judgment for

damages against the Defendant, NAMASCO, together with interest and costs and

demands trial by jury of all issues triable as of right by jury and requests that

judgment be entered in his favor against, Defendant, NAMASCO:

A.  Declaring, pursuant to 28 U.S.C. § 2201 that the acts and practices complained of

   herein are in violation of Title VII;

B.  Permanently enjoining Defendant, NAMASCO, from continuing and/or

   maintaining the policy, practice, and custom of denying, abridging, withholding

   or conditioning the federally protected rights of employees on the basis of

   national origin.

C. Awarding Plaintiff, SAINTIL SAINTILUS, back pay, pre-judgment interest, post-judgment interest, and damages for all employment and retirement benefits he would have received but for Defendant, NAMASCO'S, acts and practices;

D. Awarding Plaintiff, SAINTIL SAINTILUS, front pay in lieu of reinstatement;

E. Awarding Plaintiff, SAINTIL SAINTILUS, all compensatory and punitive damages provided for in 42 U.S.C. § 1981a.

F. Awarding reasonable attorney's fees, expert fees, and costs in this action pursuant to Section 706 (d) of Title VII, 42 U.S.C. 2000(e)-5(k), as amended by Section 113 of the Civil Rights Act of 1991;

G. Awarding Plaintiff, SAINTIL SAINTILUS, all other sums of money, medical benefits and other employment benefits with interest thereon, to which Plaintiff is entitled; and

H. Ordering any other relief as this court deems just and proper.

## COUNT II VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 DISCRIMINATION

Plaintiff, SAINTIL SAINTILUS, realleges and reavers Paragraphs one through nineteen as if fully set forth herein and would further allege as follows:

23. This is an action for affirmative relief, equitable relief, damages and all other remedies for unlawful discrimination under the Florida Civil Rights Act of 1992, at Fla. Stat. §§760.01 through 760.11.

24. Plaintiff, SAINTIL SAINTILUS, is an aggrieved person within the meaning of Fla. Stat. 760.02.

25. Defendant, NAMASCO, has employed and does employ 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, is an employer as defined by Fla. Stat. 760.02, and is capable of being sued under Fla. Stat. 760.11.

26. Defendant, NAMASCO, intentionally discriminated against Plaintiff, SAINTIL SAINTILUS, by discharging him.

27. Defendant intentionally discriminated against Defendant because of his national origin.

28. Defendant's acts were intentional and violate the Florida Civil Rights Act of 1992.

29. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer lost employment, income, benefits, and has suffered and continues to suffer distress, humiliation, embarrassment, and damage to his reputation.

30. Plaintiff has exhausted his administrative remedies required by Fla. Stat. 760.11 and has otherwise fulfilled all other prerequisites to bringing this action.

31. Fla. Stat. 760.11 authorizes the Court to issue an order prohibiting the discriminatory practices, equitable relief and the award of compensatory and punitive damages and attorneys' fees.

WHEREFORE, Plaintiff, SAINTIL SAINTILUS, demands trial by jury and requests this Court to:

A. Declare that Defendants have unlawfully discriminated against Plaintiff in violation of the Florida Civil Rights Act of 1992; and

B. Issue and order prohibiting further discrimination; and

C.  Order equitable relief including but not limited to an Order reinstating Plaintiff

with all promotions and seniority rights to which he is entitled, backpay and all

other equitable relief provided in Fla. Stat. 760.11; and

D.  Award Plaintiff all compensatory and punitive damages provided for in Fla. Stat.

760.11; and

E.  Award Plaintiff his costs, attorneys' fees, attorneys' fees and such other and

further relief, as the Court deems proper.

Respectfully submitted this _____ day of _____, 2000.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on

this _____ day of January, 2000 to John T. Kolinski, Esquire, 201 South Biscayne

Boulevard, Suite 1500, Miami, Florida 33131.

AMEEN & DRUCKER, P.A.
Attorneys for Plaintiff
3111 University Drive, Ste. 608
Coral Springs, FL 33065
(954) 340-7277
Fax (954) 340-8733

By:_____
John D. Ameen
FL Bar. No. 0008036