**COPIES NOT PROVIDED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-6016

CIV-UNGARO-BENAGES

MAGISTRATE JUDGE
BROWN

SANTIL SAINTILUS,

Plaintiff,

v.

NAMASCO CORPORATION and
NAMASCO CORPORATION d/b/a
NAMASCO STEEL COMPANY,

Defendant.
_____/

**NIGHT BOX FILED**

JAN 5 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## NAMASCO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants, Namasco Corporation and Namasco Corporation d/b/a Namasco Steel Company ("Namasco"), pursuant to Federal Rules of Civil Procedure 10 and 12, move to dismiss Plaintiff's Complaint.

### Memorandum of Law

### I. Summary of Argument

Plaintiff alleges both national origin and race discrimination. The Court should dismiss Plaintiff's national origin claim because Plaintiff's Complaint is unclear, vague, confusing, and violates the one-claim-per-count rule. The Court should dismiss Plaintiff's race discrimination claim with prejudice, because Plaintiff's Charge of Discrimination, which was attached to the Complaint, fails to allege race

Rec'd in MIA Dkt 1-28-2000

1

discrimination. Accordingly, Plaintiff failed to exhaust his administrative remedies with the EEOC as to his race discrimination claim and his claim is now barred.

## II. Background

On December 10, 1999, Plaintiff filed a Complaint in the Circuit Court for the 17th Judicial Circuit alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII") and the Florida Civil Rights Act ("FCRA"). Unfortunately, the Complaint is not clear as to whether Plaintiff is suing for race discrimination, national origin discrimination, or both. Attached to Plaintiff's Complaint is a Charge of Discrimination that only alleges national origin discrimination. On January 4, 2000, Namasco removed Plaintiff's Complaint. Accordingly, Namasco now moves the Court to dismiss Plaintiff's national origin discrimination claim and to dismiss Plaintiff's race discrimination claim with prejudice.

## III. Discussion

A.   Plaintiff's Complaint is unclear as to whether he is stating a claim for race or national origin discrimination.

Plaintiff's Complaint is confusing because it does not clearly state the type of discrimination Plaintiff is alleging. Count I is titled "Title VII-Racial Discrimination" but states in its first line that "Defendant discriminated against and terminated Plaintiff because of his national origin." Moreover, Plaintiff does not mention race anywhere under Count I other than in the title. In Count II, paragraph 28, Plaintiff claims that

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

"Defendant intentionally discriminated against Defendant because of his <u>national origin and race</u>." To make the Complaint more confusing, Plaintiff does not allege race discrimination in his charge of discrimination, only national origin discrimination. Furthermore, Plaintiff does not mention his race or any evidence of race discrimination in the factual allegations of his complaint. Plaintiff's Complaint is unclear, vague, and confusing and should be dismissed.

Plaintiff also violates the one-claim-per-count rule. Federal Rule of Civil Procedure 10(b) requires each claim to be stated in separate count. Fed. R. Civ. P. 10(b). Plaintiff should present each claim for relief in a separate count with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and will be able to frame a responsive pleading. <u>Anderson v. District Bd. of Trustees of Cent. Florida Community College</u>, 77 F.3d 364, 366 (11th Cir. 1996). Plaintiff's Complaint contains two counts, one under Title VII and the other under the Florida Civil Rights Act. However, Plaintiff appears to claim both race and national origin discrimination under both acts but does not separate them into separate counts with separate factual allegations. Because Plaintiff' Complaint is vague and confusing and because it violates the one-claim-per-count rule, the Court should dismiss Plaintiff's Complaint.

B. **Plaintiff's race discrimination claim fails to state a claim upon which relief can be granted.**

Plaintiff fails to provide any factual allegations to support his race discrimination claim. "Within the context of a claim under Title VII and/or 42 U.S.C. §1981, a pleading must contain more than mere conclusory allegations of race,... and [national origin] discrimination." Benoit v. Ocwen Financial Corp. Inc., 960 F. Supp. 287, 289 (S.D. Fla. 1997). "'The complaint mut set forth enough information to outline the elements of a claim or to permit inferences to be drawn that these elements exist.'" Id. (citation omitted). "[A]t a minimum, Plaintiff[] must plead facts in support of the prima facie case for each claim for relief." Benoit, 960 F.Supp. at 290.

"A plaintiff establishes a prima facie case of race discrimination under Title VII by showing: (1) he belongs to a racial minority; (2) he was subjected to adverse job action; (3) his employer treated similarly situated employees outside his classification more favorably; and (4) he was qualified to do the job." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668, 677 (1973); Coutu v. Martin Cty. Bd. of Cty. Commissioners, 47 F.3d 1068, 1073 (11th Cir.1995); Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1060 (11th Cir.1994). See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993).

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

Plaintiff does not set forth even minimal facts to support a claim of race discrimination. First, Plaintiff fails to state what protected class he falls under or if he is a member of a racial minority. Second, Plaintiff does not allege that similarly situated employees outside of his classification were treated more favorably.

Because Plaintiff fails to allege facts to support a prima facie case of race discrimination, Plaintiff's race discrimination claim should be dismissed.

C.   Plaintiff's race discrimination claim is barred because he failed to allege race discrimination in his charge of discrimination.

Plaintiff failed to allege race discrimination in his charge of discrimination and therefore has not exhausted the administrative remedies as required by the statute. Title VII requires Plaintiff's to file "a charge [of discrimination with the EEOC] within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. §2000e-5(e)(1). An EEOC Charge of Discrimination is an EEOC form with check-off boxes for the types of discrimination and a large space for charging parties to explain their cause of action. Plaintiff must "expressly accuse" defendant of discrimination unless the new claim is like or reasonably related to the allegations in his charge. Cline v. General Elec. Credit Auto Lease, Inc., 748 F.Supp. 650, 653 (N.D. Ill. 1990) (holding that plaintiff could not bring an age discrimination claim when she neglected to check on the charge form for age discrimination). In other words, Plaintiff was required to check the box on the charge form for race discrimination or, at a minimum, include words that would indicate he

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

was alleging race discrimination. Id.

Plaintiff failed to include race discrimination on his charge of discrimination. Plaintiff did not identify "race" as the basis for the discrimination he faced, nor did he include any allegations of race discrimination in the text portion of his charge. Plaintiff is required to reduce his allegations to writing. Id. Because Plaintiff failed to allege race discrimination in his charge of discrimination, Plaintiff's race discrimination allegations should be dismissed with prejudice.

### IV. Conclusion

Because Plaintiff's Complaint is unclear, violates the one-claim-per-count rule and fails to state a prima facie case for race discrimination and because Plaintiff failed to allege race discrimination in his Charge of Discrimination, Plaintiff's national origin discrimination claim should be dismissed without prejudice and Plaintiff's race discrimination claim should be dismissed with prejudice.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Namasco
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
(305) 358-6300
(305) 381-9982 Facsimile

By: _____
John T. Kolinski, Esq.
Florida Bar No. 307971
Jennifer J. Ator, Esq.
Florida Bar No. 0120911

6

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail this 4th day of January 2000 to John Ameen, AMMEN & DRUCKER, P.A., 3111 University Drive, Suite 608, Coral Springs, Florida 33065.

_____
OF COUNSEL

MIADOCS 309007.1 JJA

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300