UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SAINTIL SAINTILUS

    Plaintiff

v.

NAMASCO CORPORATION
and NAMASCO CORPORATION
d/b/a NAMASCO STEEL COMPANY

    Defendant.
_____/

CASE NO.: 00-6016-CIV-UNGARO-BENAGES

MAGISTRATE JUDGE BROWN



## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant, Namasco Corporation and Namasco Corporation d/b/a Namasco Steel Company, ("Namasco"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Amended Complaint, and states as follows:

### JURISDICTION AND VENUE

1.    In response to Paragraph 1 of the Amended Complaint, Defendant admits the allegations contained therein.

2.    Defendant is without knowledge regarding the allegations set forth in Paragraph 2 of the Amended Complaint, and therefore denies same.

3.    Defendant is without knowledge regarding the allegations set forth in Paragraph 3 of the Amended Complaint, and therefore denies same.

4. In response to Paragraph 4 of the Amended Complaint, Defendant admits the allegations contained therein.

5. In response to Paragraph 5 of the Amended Complaint, Defendant denies the allegations contained therein.

6. In response to Paragraph 6 of the Amended Complaint, Defendant admits the allegations contained therein.

7. Defendant is without knowledge regarding the allegations set forth in Paragraph 7 of the Amended Complaint, and therefore denies same.

8. Defendant is without knowledge regarding the allegations set forth in Paragraph 8 of the Amended Complaint, and therefore denies same.

9. Defendant is without knowledge regarding the allegations set forth in Paragraph 9 of the Amended Complaint, and therefore denies same.

10. In response to Paragraph 10 of the Amended Complaint, Defendant denies the allegations contained therein.

11. In response to Paragraph 11 of the Amended Complaint, Defendant denies the allegations contained therein.

12. In response to Paragraph 12 of the Amended Complaint, Defendant denies the allegations contained therein.

13. In response to Paragraph 13 of the Amended Complaint, Defendant denies the allegations contained therein.

14.   In response to Paragraph 14 of the Amended Complaint, Defendant denies the allegations contained therein.

15.   In response to Paragraph 15 of the Amended Complaint, Defendant denies the allegations contained therein.

16.   In response to Paragraph 16 of the Amended Complaint, Defendant denies the allegations contained therein.

17.   In response to Paragraph 17 of the Amended Complaint, Defendant denies the allegations contained therein.

18.   Defendant is without knowledge regarding the allegations set forth in Paragraph 18 of the Amended Complaint, and therefore denies same.

## COUNT I
## TITLE VII - NATIONAL ORIGIN DISCRIMINATION

Namasco repeats and realleges paragraphs 1 through 19 [sic] of its Answer as if fully set forth herein.

19.   In response to Paragraph 19 of the Amended Complaint, Defendant denies the allegations contained therein.

20.   In response to Paragraph 20 of the Amended Complaint, Defendant denies the allegations contained therein.

21.   In response to Paragraph 21 of the Amended Complaint, Defendant denies the allegations contained therein.

22.     In response to Paragraph 22 of the Amended Complaint, Defendant denies the allegations contained therein, including the "Wherefore" paragraph immediately following Paragraph 22 of the Amended Complaint.

## COUNT II

## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 DISCRIMINATION

Namasco repeats and realleges paragraphs 1 through 19 [sic] of its Answer as if fully set forth herein.

23.     In response to Paragraph 23 of the Amended Complaint, Defendant admits the allegations contained therein.

24.     In response to Paragraph 24 of the Amended Complaint, Defendant denies the allegations contained therein.

25.     In response to Paragraph 25 of the Amended Complaint, Defendant admits the allegations contained therein.

26.     In response to Paragraph 26 of the Amended Complaint, Defendant denies the allegations contained therein.

27.     In response to Paragraph 27 of the Amended Complaint, Defendant denies the allegations contained therein.

28.     In response to Paragraph 28 of the Amended Complaint, Defendant denies the allegations contained therein.

29.     In response to Paragraph 29 of the Amended Complaint, Defendant denies the allegations contained therein.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

30. In response to Paragraph 30 of the Amended Complaint, Defendant denies the allegations contained therein.

31. In response to Paragraph 31 of the Amended Complaint, Defendant denies the allegations contained therein, including the "Wherefore" paragraph immediately following Paragraph 31 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted under Title VII and the FCRA.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies prior to maintaining a cause of action under Title VII and the FCRA.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to fulfill all conditions precedent to filing the instant Complaint.

### FOURTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred in whole or in part by the applicable statutes of limitations.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

## FIFTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred in whole or in part by the equitable doctrines of waiver, collateral estoppel, laches, and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to adequately mitigate any damages to which he may be entitled.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts that all employment-related decisions made with respect to Plaintiff, or which affected him, were based on reasonable, nondiscriminatory factors and/or were taken in good faith for legitimate, non-discriminatory business reasons.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover attorneys' fees and/or costs from Defendant.

## NINTH AFFIRMATIVE DEFENSE

The Defendant: (a) exercised reasonable care to prevent and correct promptly any harassing behavior toward Plaintiff (if any occurred), and/or (b) the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Defendant or to avoid harm otherwise.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

## TENTH AFFIRMATIVE DEFENSE

Even assuming, *arguendo*, that Plaintiff were able to show a *prima facie* case of discrimination, Defendant would have taken the same actions with respect to Plaintiff for legitimate business reasons.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not stated a claim for punitive damages in the instant action. Even assuming *arguendo* that Defendant is liable for a violation of the subject statutes, it did not act willfully, or engage in any egregious wrongdoing, or act through "higher management," or otherwise engage in any conduct warranting an award of punitive damages.

## TWELFTH AFFIRMATIVE DEFENSE

Assuming, *arguendo,* that the employment decision concerning Plaintiff is shown to be based in part on unlawful motives (which it was not), Plaintiff would nevertheless have been terminated by Namasco due the physical dispute on work premises, a deliberate violation of Namasco policies.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss the Complaint in its entirety with prejudice, award Defendant its costs and reasonable attorneys' fees, and grant such other and further relief as the Court deems just and proper.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 S. Biscayne Blvd.
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____
John T. Kolinski
Florida Bar No.: 307971
Jennifer J. Ator
Florida Bar No.: 0120911

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 11 day of February, 2000 to John D. Ameen, Esq., Ameen & Drucker, P.A., 3111 University Drive, Suite 608, Coral Springs, Florida 33065.

_____
OF COUNSEL

MIADOCS 313759.1 MIV