

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 00-6016-CIV-UNGARO-BENAGES
MAGISTRATE JUDGE BROWN

SAINTIL SAINTILUS

    Plaintiff

v.

NAMASCO CORPORATION
and NAMASCO CORPORATION
d/b/a NAMASCO STEEL COMPANY

    Defendant.
_____/

## JOINT SCHEDULING REPORT

The Parties, pursuant to Local Rule 16.1(b)(7) and the Court's Order dated January 31, 2000, submit their Scheduling Report and state as follows:

1. **Plain Statement of the Nature of the Claims**

Plaintiff, Saintil Saintilus, claims that Namasco Corporation ("Namasco"), subjected him to discrimination in the workplace and terminated him because he is Haitian. Namasco denies Plaintiff's allegations in their entirety.

2. **Summary of the Facts That are Uncontested**

Plaintiff was terminated on July 15, 1998.

The EEOC issued a Right to Sue on September 20, 1999.

3. **Summary of the Issues Presently Known**

    a.    Whether Plaintiff was subjected to discrimination because he is Haitian.



      b.    Whether Plaintiff was terminated because he is Haitian.

      c.    If Plaintiff was discriminated against, whether Plaintiff is entitled to damages.

      d.    If Plaintiff was discriminated against, whether Plaintiff is entitled to punitive damages.

**4.   *Limitations on Discovery***

Discovery should not be conducted in phases or limited to particular issues.

**5.   *Detailed Schedule of Discovery***

The parties intend to propound Interrogatories, Requests for Production and Requests for Admissions and agree to the limitations established by the Local Rules. The parties believe that discovery can be completed by October 1, 2000.

**6.   *Proposed Limits on the Time:***

    i.    **to join other parties and to amend the pleadings;**

        July 1, 2000

    ii.    **to file and hear motions; and**

        November 1, 2000

    iii.    **to complete discovery.**

        October 1, 2000

**7.   *Requested Dates for Pre-trial Conference and Trial***

The parties suggest that a Final Pretrial Conference be held on or about January 15, 2001. The parties request that the case be set for trial in February, 2001.

**8.   *Estimate of Time Required for Trial***

It is estimated that this action shall take 3-5 days to try. This is a jury trial.

**9.    List of Pending Motions**

None.

**10.    Unique Legal or Factual Aspects of this Case**

None.

**11.    Potential Need for References to Special Master or Magistrate**

The parties agree to allow the Magistrate to rule on any discovery disputes subject to this Court's review. The parties do not agree to non-discovery hearings or a trial by the U.S. Magistrate Judge.

**12.    Estimate of Time Required for Trial**

It is estimated that this action shall take 3-5 days to try. This is a jury trial.

**13.    Discussion of the Likelihood of Settlement**

The parties agree to pursue settlement of this action as discovery proceeds. Settlement remains a possibility. The parties will attend mediation within the time required by the Court's Order.

**14.    Discussion of the Likelihood of Appearance in the Action of Additional Parties**

There is limited likelihood of bringing additional parties to this lawsuit.

**15.    Proposals for the Formulation and Simplification of Issues**

All issues appear to have been formulated and simplified at this time. The Parties will continue to cooperate in an effort to simplify the issues.

**16.    Admissions of Fact and Stipulations Regarding Authenticity**

The parties are confident that they will be able to concur on several issues of fact and law, and enter into stipulations regarding tangible evidence which will avoid the

necessity of certain proof and serve to expedite the presentation of evidence and simplify the trial of this cause.

### 17.  *Suggestions for Avoiding Unnecessary Proof and Cumulative Evidence*

The parties will work together to prevent unnecessary proof or cumulative evidence in the trial of this cause.

### 18.  *Assignment of Case to a Particular Track*

Pursuant to S.D. Fla. L.R. 16.1.A.2, the parties believe this case should be assigned to the "Standard Track" given the complexity of the case, the number of witnesses, and the time estimated for discovery.

### 19.  *Exhibit Lists*

Plaintiff's Exhibit List is attached as Exhibit A.  Defendant's Exhibit List is attached as Exhibit B.

### 20.  *Witness Lists*

Plaintiff's Witness List is attached as Exhibit C.  Defendant's Exhibit List is attached as Exhibit D.

### 21.  *Other Items*

None.

DATED this /7/( day of March, 2000.

AMEEN & DRUCKER, P.A.
Attorneys for Plaintiff
Suite 608
3111 University Drive
Coral Springs, Florida 33065
(954) 340-7277
Fax (954) 340-8733

BY: _____
John D. Ameen
Florida Bar No. 0008036

DATED this 7 day of March, 2000.

SHUTTS & BOWEN LLP
Attorneys for Defendant
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
(305) 358-6300
Fax (305) 347-7386

BY: _____
John T. Kolinski
Florida Bar No. 307971
Jennifer J. Ator
Florida Bar No. 0120911

**SAINTIL SAINTILUS vs. NAMASCO COPORATION**
**ANDNAMASCO CORPORATION**
**d/b/a NAMASCO STEEL COMPANY**
**CASE NO.: 00-6016-CIV-UNGARO-BENAGES**
**EXHIBIT A – PLAINTIFF'S EXHIBIT LIST**

a.  Saintil Saintilus' Charge of Discrimination

b.  Saintil Saintilus' Notice of Right to Sue.

c.  July 15, 1998 – Klockner/Namasco Termination of Employment Notice for Saintilus [NAMASCOSAINTILS003]

d.  Saintil Saintilus' Personnel file [NAMASCOSAINTILS 001-310].

e.  Pompano Beach Police Department file [NAMASCO/SAINTILUS POMPANO BEACH POLICE 001-007].

f.  All documents obtained through discovery in this case either by Plaintiff or Defendant.

g.  All interrogatories and answers thereto and requests to produce and answers thereto taken in this case.

h.  All documents discovered prior to trial, upon reasonable notice to opposing counsel.

i.  Rebuttal Exhibits.

SAINTIL SAINTILUS v. NAMASCO CORPORATION
AND NAMASCO CORPORATION
d/b/a NAMASCO STEEL COMPANY
CASE NO.: 00-6016-CIV- UNGARO-BENAGES
EXHIBIT B - DEFENDANT'S EXHIBIT LIST

- Saintilus' Charge of Discrimination.

  Saintilus' Notice of Right to Sue.

  Broward County Human Rights Division file [Broward County Human Rights/Saintilus001-012].

  7/15/98 Klockner/Namasco Termination of Employment Notice for Saintilus [NAMASCOSAINTILS003]

  12/5/96 Employee Warning Record Saintilus warning for fighting [NAMASCOSAINTILS 258].

  Saintilus' Personnel file [NAMASCOSAINTILS 001-310].

  Saintilus' Employee Handbook [NAMASCOSAINTILS 311-394].

  Saintilus' Workers Compensation file [NAMASCOSAINTILS 395-448].

  Pompano Beach Police Department file [NAMASCO/SAINTILUS POMPANO BEACH POLICE 001-007].

  All documents obtained through discovery in this case either by Plaintiffs or Defendant.

  All interrogatories and answers thereto and requests to produce and answers thereto taken in this case.

  All documents discovered prior to trial, upon reasonable notice to opposing counsel.

  Rebuttal Exhibits.

  By inclusion of any of Plaintiff's exhibit herein, Defendant does not waive it objections to admissibility, authenticity, relevance, or any other grounds of any of the documents which may be listed by Plaintiff.

  Defendant reserves the right to amend and supplement this Exhibit List upon discovery of additional documents relevant to this case.

MIADOCS 323010 1 LLY

## SAINTIL SAINTILUS vs. NAMASCO COPORATION
## ANDNAMASCO CORPORATION
### d/b/a NAMASCO STEEL COMPANY
### CASE NO.: 00-6016-CIV-UNGARO-BENAGES
### EXHIBIT C – PLAINTIFF'S WITNESS LIST

a.  Officer A. Cenno
    Pompano Beach Police Department
    100 SW 3rd Street
    Pompano Beach, Florida 33060

b.  Detective M. Copley
    Broward Sheriff's Office
    District X1
    100 SW 3rd Street
    Pompano Beach, Florida 33060

c.  Steven Davis
    Branch Manager
    Namasco Corporation
    1621 NW 12th Avenue
    Pompano Beach, Florida

d.  Jairo Gonzalez
    5614 Taylor Street
    Hollywood, Florida 33062

e.  Lactaine Jean
    Plaintiff's son-in-law
    c/o Namasco Corporation
    1621 NW 12th Avenue
    Pompano Beach, Florida

f.  Officer K. Justice
    Pompano Beach Police Department
    100 SW 3rd Street
    Pompano Beach, Florida 33060

g.  John H. Lewis
    c/o Namasco Corporatoin
    1621 NW 12th Avenue
    Pompano Beach, Florida

h.  Papo Rodriguez
    c/o Namasco Corporation
    1621 NW 12th Avenue
    Pompano Beach, Florida

    i.    Saintil Saintilus
        113 NE 5st Street, Apt. 8
        Pompano Beach, Florida 33060

    j.    Carlos Burgos
        631 NE 23rd Street
        Pompano Beach, Florida 33064

SAINTIL SAINTILUS v. NAMASCO CORPORATION
AND NAMASCO CORPORATION
d/b/a NAMASCO STEEL COMPANY
CASE NO.: 00-6016-CIV- UNGARO-BENAGES
EXHIBIT D - DEFENDANT'S WITNESS LIST

Officer A. Cenno
Pompano Beach Police Dept.
100 S.W. 3rd Street
Pompano Beach, FL 33060

Detective M. Copley
Broward Sheriff's Office
District X1
100 S.W. 3 Street
Pompano Beach, FL 33060

Steven Davis
Branch Manager
Namasco Corporation
1621 N.W. 12th Avenue
Pompano Beach, FL

Jairo Gonzalez
5614 Taylor Street
Hollywood, FL 33062

Lactaine Jean
Plaintiff's son-in-law
c/o Namasco Corporation
1621 N.W. 12th Avenue
Pompano Beach, FL

Officer K. Justice
Pompano Beach Police Dept.
100 S.W. 3rd Street
Pompano Beach, FL 33060

John H. Lewis
c/o Namasco Corporation
1621 N.W. 12th Avenue
Pompano Beach, FL

Papo Rodriguez
c/o Namasco Corporation
1621 N.W. 12th Avenue
Pompano Beach

Saintil Saintilus

Vincent Saintilus
Plaintiff's nephew
c/o Namasco Corporation
1621 N.W. 12th Avenue
Pompano Beach, FL

Carlos Burgos
631 N.E. 23rd Street
Pompano Beach, FL 33064

MIADOCS 322978.1 LLY